**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOU TAN LIN,<br><br>                Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                Respondent. | No. 07-73396<br><br>Agency No. A079-399-644<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2011[**]
San Francisco, California

Before:    W. FLETCHER and N.R. SMITH, Circuit Judges, and MILLS,
Senior District Judge.[***]

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]    The Honorable Richard Mills, Senior District Judge for the U.S. District Court for Central Illinois, Springfield, sitting by designation.

Petitioner You Tan Lin petitions for review of the BIA's adverse credibility determination. We find that the BIA's adverse credibility determination was supported by substantial evidence. *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003).

Lin's testimony was inconsistent regarding the extent and timing of his Falun Gong practice. For instance, at his first asylum hearing, he testified that his interest in Falun Gong was a reflection of his fleeting youthful curiosity and that he stopped practicing Falun Gong after 1998, when he was asked for a membership fee from his local Falun Gong group. At his second asylum hearing, however, he testified that his commitment to Falun Gong was a matter of religious devotion, and that he practiced almost continuously from 1998 to 2005. At his first asylum hearing, Lin mentioned nothing about practicing Falun Gong after the Chinese government prohibited the practice in 1999. At his second hearing, however, he testified that he practiced Falun Gong in public after the practice was prohibited and that he was chased out of a public park on one occasion. These inconsistencies provided the BIA with substantial evidence to find that Lin was not credible.

While it is true that "an applicant may establish his case through his own testimony alone," *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997), "if the trier of fact either does not believe the applicant or does not know what to believe, the

2

applicant's failure to corroborate his testimony can be fatal to his asylum application," *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000), citing 8 C.F.R. § 208.13.  In this case, the BIA did not err in considering Lin's lack of corroborating evidence in determining that Lin's testimony was not credible.  Lin claimed to have practiced Falun Gong in the Bay Area every weekend for several years.  However, he did not provide a letter from any of his fellow Bay Area practitioners.  Likewise, he did not bring any to testify at his asylum hearing.  These witnesses could have corroborated the extent of Lin's alleged devotion to Falun Gong.

**PETITION DENIED**.